| | | |
|---|---|---|
| RETURN DATE: SEPTEMBER 7, 2021 | : | SUPERIOR COURT |
| STEPHEN DENINNO & MARY DENINNO | : | J.D. WINDHAM |
| VS. | : | AT PUTNAM |
| NORTH COAST SEA-FOODS CORP. d/b/a NORTH COAST SEAFOODS AND BIG Y FOODS, INC. | : | JULY 23, 2021 |

## COMPLAINT

### FIRST COUNT (As to Stephen DeNinno vs. North Coast Sea-Foods Corp.):

1. As of July 27, 2018, and all times relevant hereto, the defendant North Coast Sea-Foods Corp. d/b/a North Coast Seafoods (hereinafter referred to as "North Coast"), was a foreign corporation organized and existing under the laws of the State of Massachusetts with a principal office address of 5-11 Dry Dock Avenue, Boston, Massachusetts.

2. At all times relevant hereto, the defendant North Coast was a manufacturer, distributor, wholesaler or retailer of various food products, including XL King Crab legs.

3. At all times relevant hereto, the defendant North Coast was a "product seller" within the meaning of Connecticut General Statutes § 52-572m, et seq., and referred to as the Connecticut Products Liability Act.

4. The defendant North Coast placed its food products, including its aforementioned XL King Crab legs, into the stream of commerce and expected, or should have reasonably anticipated, said food products to reach consumers and product users in the State of Connecticut and/or was transacting business in the State of Connecticut.

1

5. On July 27, 2018, the plaintiff Stephen DeNinno purchased a package of the defendant North Coast's XL King Crab Legs food product (hereinafter referred to as the "subject food product") from a Big Y World Class Market, a supermarket located at 70 Wauregan Road, Danielson, Connecticut.

6. The subject food product was manufactured, distributed and/or sold by the defendant as a frozen and precooked food product.

7. On July 27, 2018, the plaintiff Stephen DeNinno and his wife, the plaintiff Mary DeNinno, both ate the subject food product.

8. The subject food product was expected to and did reach the consumer and product users, including the plaintiffs, without substantial change in condition.

9. Unbeknownst to the plaintiffs, Stephen DeNinno and Mary DeNinno, the subject food product that they ate was contaminated with salmonella or a bacteria, virus or other illness causing foreign agent.

10. Thereafter, during the early morning hours of July 28, 2018, the plaintiffs Stephen DeNinno and Mary DeNinno became violently ill as a direct result of eating the subject food product and they each experienced the onset of symptoms of food poisoning including, but not limited to, severe vomiting and diarrhea.

11. At the time of its distribution and/or sale by the defendant North Coast, the subject food product was in a defective condition unreasonably dangerous to the plaintiffs and other similar persons in that it was raw or partially raw, undercooked and/or otherwise contaminated.

Faulkner & Graves, P.C.
1 Montauk Ave., Ste. 301• New London, CT  06320 • T: (860) 442-9900 • F: (860) 443-6428 • JURIS # 103027

12. The defendant is legally responsible under Connecticut General Statutes §52-572m, *et. seq.*, for the injuries caused by its defective food product in one or more of the following ways:

    a. in that it manufactured, distributed and/or sold an "adulterated" food product as defined by Connecticut General Statutes §21a-101;

    b. in that the subject food product was in a defective and unreasonably dangerous condition and could not be eaten without unreasonable risk of injury to the consumer;

    c. it insufficiently cooked its XL King Crab legs food product, including the subject food product;

    d. it improperly froze, preserved or otherwise stored its XL King Crab legs food product, including the subject food product;

    e. it improperly sourced its XL King Crab legs food product, including the subject food product, from a geographic location likely to expose consumers to an increased risk of illness-causing contaminants and/or at a time of year likely to do so;

    f. it failed to take sufficient precautions to prevent its XL King Crab legs food product, including the subject food product, from becoming contaminated while in its possession and/or control;

    g. it failed to conduct adequate testing or screening for contaminants, or otherwise failed to properly inspect its XL King Crab legs food product, including the subject food product, for defects, prior to manufacturing, distributing and/or making available for sale;

    h. it misrepresented its XL King Crab legs food product, including the subject food product, as precooked when it knew, or should have known, that the food product was still raw and/or undercooked;

    i. it sold XL King Crab Legs labeled, advertised or otherwise packaged and described the subject food product as precooked when the food product was still raw and/or undercooked;

    j. it misrepresented to consumers and product users, including the plaintiffs, that its XL King Crab legs food product, including the subject food product, was safe for use and consumption;

3

  k. it failed to adequately warn consumers and product users, including the plaintiffs, about the potential risks of eating its XL King Crab legs food product, including the subject food product;

  l. it failed to provide proper instruction and guidelines to sellers about its XL King Crab legs food product, including the subject food product;

  m. if failed to provide adequate instructions to the consumer and product users, including the plaintiffs, how to safely thaw, store, prepare or ready its XL King Crab legs food product, including the subject food product, for consumption and/or failed to adequately warn about the dangers of not doing so; and/or

  n. it failed to ensure the food product complied with federal, state and/or local laws or regulations concerning food safety.

13. One or more of the defects described above was a substantial factor in causing the injuries to the plaintiffs.

14. One or more of the defects described above were caused by the negligence of the defendant, its agents, servants or employees and those acts or omissions were a substantial factor in causing the injuries to the plaintiffs.

15. The defendant North Coast expressly warranted that its XL King Crab legs food product, including the subject food product, was safe for its intended uses, including the uses to which it was put by the plaintiffs.

16. The defendant breached these express warranties.

17. The breach of these express warranties by the defendant was a substantial factor in causing the injuries to the plaintiffs.

18. The defendant impliedly warranted that the subject food was of merchantable quality.

19. The defendant breached this implied warranty of merchantability.

4

20. The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiffs.

21. The adulterated and defective state of the XL King Crab legs existed at the time it was distributed or sold by the defendant North Coast and it was not the result of any substantial change in condition by the plaintiffs or any third party.

22. If any modification or alteration of the product did occur, such modification or alteration was in accordance with the instructions or the specifications of the defendant North Coast, occurred with the defendant North Coast's consent, or was the result of conduct that reasonably should have been anticipated by the product seller.

23. The defendant is strictly liable to the plaintiffs for the plaintiffs' injuries and losses pursuant to Connecticut General Statutes §52-572m, *et. seq.*

24. As a result of eating the subject food product, the plaintiff, Stephen DeNinno, sustained food poisoning resulting in the following:

    a. nausea and vomiting;

    b. diarrhea, acute and chronic;

    c. dehydration;

    d. contamination of his bloodstream;

    e. acute renal failure and injury to his kidneys;

    f. gastrointestinal injury including, but not limited to, gastroenteritis, post infectious irritable bowel syndrome and damage to his intestinal tract;

    g. B-12 deficiency;

    h. hypomagnesemia;

    i. hypokalemia; and,

5

Faulkner & Graves, P.C.
1 Montauk Ave., Ste. 301 · New London, CT  06320 · T: (860) 442-9900 · F: (860) 443-6428 · JURIS # 103027

  j. reactive arthritis and/or aggravation and/or exacerbation of pre-existing condition of gout, all of which resulted in severe swelling, joint pain and issues with mobility, including altered gait.

25. As a further result of the incident, the plaintiff Stephen DeNinno suffered, and will likely suffer in the future, physical and mental pain, discomfort, fatigue, fear, anxiety, restrictions of motion, and decreased capacity to engage in and enjoy various life's activities in the same manner as he was able to do prior to the aforementioned food poisoning. Moreover, all or some of the aforementioned injuries and conditions are likely to be permanent.

26. As a result of his injuries, the plaintiff incurred medical expenses for the reasonable medical care, evaluation and treatment of his injuries and he will likely continue to incur medical expenses in the future related to the aforementioned food poisoning.

27. Additionally, the plaintiff has and will continue to suffer anxiety and fear of increased and worsening impairment or deterioration of the aforementioned injuries and conditions as well as a resulting need for further invasive medical treatment in the future.

28. The plaintiff Stephen DeNinno was employed at the time of the accident and he lost time from his employment as a result of the incident and he is likely to continue to do so in the future, thereby incurring lost wages and/or benefits.

**SECOND COUNT (As to Stephen DeNinno vs. North Coast Sea-Foods Corp. – Punitive Damages):**

1-28. The allegations contained in paragraphs 1-28 of the First Count are hereby incorporated by reference as corresponding counts of the Second Count as if set forth fully herein.

6

Faulkner & Graves, P.C.
1 Montauk Ave., Ste. 301 • New London, CT 06320 • T: (860) 442-9900 • F: (860) 443-6428 • JURIS # 103027

29. One or more of the defendant North Coast's aforementioned violations of the Connecticut Product Liability Act were committed with reckless disregard for the safety of consumers and product users, including the plaintiffs, and as a direct and proximate consequence of the defendant North Coast's reckless disregard for consumer safety and the safety of the plaintiffs, plaintiff Stephen DeNinno is entitled to punitive damages pursuant to Connecticut General Statutes § 52-240b.

**THIRD COUNT (As to Mary DeNinno vs. North Coast Sea-Foods Corp.):**

1-23. The allegations contained in paragraphs 1-23 of the First Count are hereby incorporated by reference as corresponding counts of the Third Count as if set forth fully herein.

24. As a result of eating the subject food product, the plaintiff, Mary DeNinno, sustained food poisoning resulting in the following:

    a.    nausea and vomiting;

    b.    diarrhea

    c.    dehydration; and,

    d.    contamination of her bloodstream.

25. As a further result of the incident, the plaintiff Mary DeNinno suffered physical and mental pain, discomfort, fatigue, fear, and anxiety.

26. As a result of her injuries, the plaintiff incurred medical expenses for the reasonable medical care, evaluation and treatment of her injuries.

7

Faulkner & Graves, P.C.
1 Montauk Ave., Ste. 301• New London, CT  06320 • T: (860) 442-9900 • F: (860) 443-6428 • JURIS # 103027

27. The plaintiff Mary DeNinno was employed at the time of the accident and lost time from her employment as a result of the incident, thereby incurring lost wages and/or benefits.

**FOURTH COUNT (As to Mary DeNinno vs. North Coast Sea-Foods Corp. – Punitive Damages):**

1-27. The allegations contained in paragraphs 1-27 of the Third Count are hereby incorporated by reference as corresponding counts of the Fourth Count as if set forth fully herein.

28. One or more of the defendant North Coast's aforementioned violations of the Connecticut Product Liability Act were committed with reckless disregard for the safety of consumers and product users, including the plaintiffs, and as a direct and proximate consequence of the defendant North Coast's reckless disregard for consumer safety and the safety of the plaintiffs, plaintiff Mary DeNinno is entitled to punitive damages pursuant to Connecticut General Statutes § 52-240b.

**FIFTH COUNT (As to Stephen DeNinno vs. Big Y Foods, Inc.):**

1. As of July 27, 2018, and all times relevant hereto, the defendant Big Y Foods, Inc. (hereinafter referred to as "Big Y"), was a foreign corporation registered and authorized to conduct business in the State of Connecticut.

2. At all times relevant hereto, the defendant Big Y was a manufacturer, distributor, wholesaler or retailer of various food products, including XL King Crab legs.

3. At all times mentioned herein the defendant Big Y was and is operating and doing business as a grocery store known as Big Y World Class Market located at 70 Wauregan Road, Danielson, Connecticut.

8

Faulkner & Graves, P.C.
1 Montauk Ave., Ste. 301• New London, CT  06320 • T: (860) 442-9900 • F: (860) 443-6428 • JURIS # 103027

4. At all times relevant hereto, the defendant Big Y was a "product seller" within the meaning of Connecticut General Statutes § 52-572m, et seq., and referred to as the Connecticut Products Liability Act.

5. The defendant Big Y placed its food products, including its aforementioned XL King Crab legs, into the stream of commerce and expected, or should have reasonably anticipated, said food products to reach consumers and product users in the State of Connecticut.

6. On July 27, 2018, the plaintiff Stephen DeNinno purchased a package of the XL King Crab legs food product (hereinafter referred to as the "subject food product") from the aforementioned Big Y World Class Market located in Danielson, Connecticut.

7. The subject food product was manufactured, distributed and/or sold by the defendant as a frozen and precooked food product.

8. On July 27, 2018, the plaintiff Stephen DeNinno and his wife, the plaintiff Mary DeNinno, both ate the subject food product.

9. The subject food product was expected to and did reach the consumer and product users, including the plaintiffs, without substantial change in condition.

10. Unbeknownst to the plaintiffs, Stephen DeNinno and Mary DeNinno, the subject food product that they ate was contaminated with a bacteria, virus or other illness causing foreign agent.

11. Thereafter, during the early morning hours of July 28, 2018, the plaintiffs Stephen DeNinno and Mary DeNinno became violently ill as a direct result of eating the subject food product and they each experienced the onset of symptoms of food poisoning including, but not limited to, severe vomiting and diarrhea.

Faulkner & Graves, P.C.
1 Montauk Ave., Ste. 301 · New London, CT  06320 · T: (860) 442-9900 · F: (860) 443-6428 · JURIS # 103027

12. At the time of its distribution and/or sale by the defendant Big Y, the subject food product was in a defective condition unreasonably dangerous to the plaintiffs and other similar persons in that it was raw or partially raw, undercooked and/or otherwise contaminated.

13. The defendant is legally responsible under Connecticut General Statutes §52-572m, et. seq., for the injuries caused by its defective food product in one or more of the following ways:

    a. in that it manufactured, distributed and/or sold an "adulterated" food product as defined by Connecticut General Statutes §21a-101;

    b. in that the subject food product was in a defective and unreasonably dangerous condition and could not be eaten without unreasonable risk of injury to the consumer;

    c. it insufficiently cooked its XL King Crab legs food product, including the subject food product;

    d. it improperly froze, preserved or otherwise stored its XL King Crab legs food product, including the subject food product;

    e. it improperly sourced its XL King Crab legs food product, including the subject food product, from a geographic location likely to expose consumers to an increased risk of illness-causing contaminants and/or at a time of year likely to do so;

    f. it failed to take sufficient precautions to prevent its XL King Crab legs food product, including the subject food product, from becoming contaminated while in its possession and/or control;

    g. it failed to conduct adequate testing or screening for contaminants, or otherwise failed to properly inspect its XL King Crab legs food product, including the subject food product, for defects, prior to manufacturing, distributing and/or making available for sale;

    h. it misrepresented its XL King Crab legs food product, including the subject food product, as precooked when it knew, or should have known, that the food product was still raw and/or undercooked;

10

Faulkner & Graves, P.C.
1 Montauk Ave., Ste. 301• New London, CT 06320 • T: (860) 442-9900 • F: (860) 443-6428 • JURIS # 103027

  i. it sold XL King Crab Legs labeled, advertised or otherwise packaged and described the subject food product as precooked when the food product was still raw and/or undercooked;

  j. it misrepresented to consumers and product users, including the plaintiffs, that its XL King Crab legs food product, including the subject food product, was safe for use and consumption;

  k. it failed to adequately warn consumers and product users, including the plaintiffs, about the potential risks of eating its XL King Crab legs food product, including the subject food product;

  l. it failed to provide proper instruction and guidelines to sellers about its XL King Crab legs food product, including the subject food product;

  m. if failed to provide adequate instructions to the consumer and product users, including the plaintiffs, how to safely thaw, store, prepare or ready its XL King Crab legs food product, including the subject food product, for consumption and/or failed to adequately warn about the dangers of not doing so; and/or,

  n. it failed to ensure the food product complied with federal, state and/or local laws or regulations concerning food safety.

14. One or more of the defects described above was a substantial factor in causing the injuries to the plaintiffs.

15. One or more of the defects described above were caused by the negligence of the defendant, its agents, servants or employees and those acts or omissions were a substantial factor in causing the injuries to the plaintiffs.

16. The defendant Big Y expressly warranted that its XL King Crab legs food product, including the subject food product, was safe for its intended uses, including the uses to which it was put by the plaintiffs.

17. The defendant breached these express warranties.

11

18. The breach of these express warranties by the defendant was a substantial factor in causing the injuries to the plaintiffs.

19. The defendant impliedly warranted that the subject food was of merchantable quality.

20. The defendant breached this implied warranty of merchantability.

21. The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiffs.

22. The adulterated and defective state of the XL King Crab legs existed at the time it was distributed or sold by the defendant Big Y and it was not the result of any substantial change in condition by the plaintiffs or any third party.

23. If any modification or alteration of the product did occur, such modification or alteration was in accordance with the instructions or the specifications of the defendant Big Y, occurred with the defendant Big Y's consent, or was the result of conduct that reasonably should have been anticipated by the product seller.

24. The defendant is strictly liable to the plaintiffs for the plaintiffs' injuries and losses pursuant to Connecticut General Statutes §52-572m, *et. seq.*

25. As a result of eating the subject food product, the plaintiff, Stephen DeNinno, sustained food poisoning resulting in the following:

    a. nausea and vomiting;

    b. diarrhea, acute and chronic;

    c. dehydration;

    d. contamination of his bloodstream;

    e. acute renal failure and injury to his kidneys;

Faulkner & Graves, P.C.
1 Montauk Ave., Ste. 301• New London, CT  06320 • T: (860) 442-9900 • F: (860) 443-6428 • JURIS # 103027

  f.  gastrointestinal injury including, but not limited to, gastroenteritis, post infectious irritable bowel syndrome and damage to his intestinal tract;

  g.  B-12 deficiency;

  h.  hypomagnesemia;

  i.  hypokalemia; and

  j.  reactive arthritis and/or aggravation and/or exacerbation of pre-existing condition of gout, all of which resulted in severe swelling, joint pain and issues with mobility, including altered gait.

26. As a further result of the incident, the plaintiff Stephen DeNinno suffered, and will likely suffer in the future, physical and mental pain, discomfort, fatigue, fear, anxiety, restrictions of motion, and decreased capacity to engage in and enjoy various life's activities in the same manner as he was able to do prior to the aforementioned food poisoning. Moreover, all or some of the aforementioned injuries and conditions are likely to be permanent.

27. As a result of his injuries, the plaintiff incurred medical expenses for the reasonable medical care, evaluation and treatment of his injuries and he will likely continue to incur medical expenses in the future related to the aforementioned food poisoning.

28. Additionally, the plaintiff has and will continue to suffer anxiety and fear of increased and worsening impairment or deterioration of the aforementioned injuries and conditions as well as a resulting need for further invasive medical treatment in the future.

29. The plaintiff Stephen DeNinno was employed at the time of the accident and he lost time from his employment as a result of the incident and he is likely to continue to do so in the future, thereby incurring lost wages and/or benefits.

13

**SIXTH COUNT (As to Stephen DeNinno vs. Big Y Food, Inc. – Punitive Damages):**

1-29. The allegations contained in paragraphs 1-29 of the Fifth Count are hereby incorporated by reference as corresponding counts of the Sixth Count as if set forth fully herein.

30. One or more of the defendant Big Y's aforementioned violations of the Connecticut Product Liability Act were committed with reckless disregard for the safety of consumers and product users, including the plaintiffs, and as a direct and proximate consequence of the defendant Big Y's reckless disregard for consumer safety and the safety of the plaintiffs, plaintiff Stephen DeNinno is entitled to punitive damages pursuant to Connecticut General Statutes § 52-240b.

**SEVENTH COUNT (As to Mary DeNinno vs. Big Y Food, Inc.):**

1-24. The allegations contained in paragraphs 1-24 of the Fifth Count are hereby incorporated by reference as corresponding counts of the Seventh Count as if set forth fully herein.

25. As a result of eating the subject food product, the plaintiff, Mary DeNinno, sustained food poisoning resulting in the following:

    a. nausea and vomiting;

    b. diarrhea

    c. dehydration; and,

    d. contamination of her bloodstream.

26. As a further result of the incident, the plaintiff Mary DeNinno suffered physical and mental pain, discomfort, fatigue, fear, and anxiety.

Faulkner & Graves, P.C.
1 Montauk Ave., Ste. 301 • New London, CT  06320 • T: (860) 442-9900 • F: (860) 443-6428 • JURIS # 103027

27. As a result of her injuries, the plaintiff incurred medical expenses for the reasonable medical care, evaluation and treatment of her injuries.

28. The plaintiff Mary DeNinno was employed at the time of the accident and lost time from her employment as a result of the incident, thereby incurring lost wages and/or benefits.

**EIGHTH COUNT (As to Mary DeNinno vs. Big Y Food, Inc. – Punitive Damages):**

1-28. The allegations contained in paragraphs 1-28 of the Seventh Count are hereby incorporated by reference as corresponding counts of the Eighth Count as if set forth fully herein.

29. One or more of the defendant Big Y's aforementioned violations of the Connecticut Product Liability Act were committed with reckless disregard for the safety of consumers and product users, including the plaintiffs, and as a direct and proximate consequence of the defendant Big Y's reckless disregard for consumer safety and the safety of the plaintiffs, plaintiff Mary DeNinno is entitled to punitive damages pursuant to Connecticut General Statutes § 52-240b.

15

Faulkner & Graves, P.C.
1 Montauk Ave., Ste. 301• New London, CT  06320 • T: (860) 442-9900 • F: (860) 443-6428 • JURIS # 103027

**WHEREFORE, the plaintiffs claim:**

<u>As to Counts One, Three, Five and Seven:</u>

1. Fair just and reasonable damages.

<u>As to Counts Two, Four, Six and Eight:</u>

1. Fair just and reasonable damages; and

2. Punitive damages.

THE PLAINTIFFS,
STEPHEN DENINNO &
MARY DENINNO

By: _____
Shelley L. Graves, Esquire of
Faulkner & Graves, P.C.
1 Montauk Avenue, Suite 301
New London, Connecticut 06320
(P) – (860) 442-9900
(F) – (860) 443-6428
slg@faulknerandgraves.com

16

RETURN DATE: SEPTEMBER 7, 2021 : SUPERIOR COURT

STEPHEN DENINNO & MARY
DENINNO : J.D. WINDHAM

VS. : AT PUTNAM

NORTH COAST SEA-FOODS
CORP. d/b/a NORTH COAST SEAFOODS
AND BIG Y FOODS, INC. : JULY 23, 2021

## STATEMENT OF AMOUNT IN DEMAND

Amount, legal interest and property in demand, exclusive of interest and costs, is $15,000.00 or more.

                                    THE PLAINTIFFS,
                                    STEPHEN DENINNO &
                                    MARY DENINNO

By: _____
Shelley L. Graves, Esquire of
Faulkner & Graves, P.C.
1 Montauk Avenue, Suite 301
New London, Connecticut 06320
(P) – (860) 442-9900
(F) – (860) 443-6428
slg@faulknerandgraves.com