UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| STEPHEN DENINNO & MARY DENINNO | ) | |
| *Plaintiffs* | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 3:22-CV-00580-RNC |
| | ) | |
| NORTH COAST SEA-FOODS CORP. d/b/a | ) | |
| NORTH COAST SEAFOODS and BIG Y | ) | |
| FOODS, INC. | ) | |
| *Defendants* | ) | |
| | ) | |

_____

**JOINT MOTION TO EXTEND DEADLINES 90 DAYS**

Now come plaintiffs Stephen DeNinno and Mary DeNinno (Plaintiffs) and North Coast

and the Big Y (Defendants) and jointly move the Court to extend the deadlines in this case for 90

days.  As grounds, the parties state:

1. This is the first request for an extension, and it is jointly made by the parties.

2. The requested extension through March 13, 2024 will require no change to the March 15,

   2024 trial brief or April 15, 2024 trial ready dates.

3. The discovery deadline of December 13, 2023 will remain the same except for disclosure

   and deposition of experts on any issues on which they do not bear the burden of proof,

   which will extend into early 2024 but not disturb pretrial and trial ready dates.

4. This is an alleged food poisoning case that the defendant during discovery has learned is

   much more complicated due to complex medical issues that have arisen.  Specifically,

   Stephen DeNinno claims multiple chronic and permanent medical conditions affecting

   his joints and his gastrointestinal system and that continue to require active treatment and

   care, in contrast to what might be considered a typical food poisoning claim involving an

acute, finite period of illness. The claims in this case are serious as Mr. DeNinno in his Damages Statement asserts that he will likely have to pay over 1.2 million dollars in future medical treatment.

5.  The parties have been working cooperatively and diligently undertaken to obtain and mutually disclose all medical records and have successfully worked out discovery disputes by themselves without motion practice with the Court.  However, due to plaintiffs' extensive and ongoing treatment, including recent multiple hospitalizations for a severe allergic reaction this year to one of his treatment medications, the records have not been obtained in full. Some of the records that are still missing are key records explaining decisions relating to current expensive treatment regiments that plaintiff is undergoing in his care.  Other missing records include key diagnostic tests and doctor notes that relate to causation that have not yet been produced by the medical providers despite the parties' best efforts to obtain.

6.  Given the complexity of plaintiff Stephen DeNinno's claimed injuries and treatment, with pre-existing genetic factors that may have affected or amplified his injuries due to his alleged food illness and in view of the outstanding records and ongoing treatment, the parties require additional time to obtain these records and to retain experts, for those experts to conduct their review, and for the opinions of those experts to be disclosed.

7.  Likewise, the defendants continue to gather documents and information necessary to comply with plaintiff's written discovery requests concerning, inter alia, the entire food chain supply history of this seafood product from point origin to point of sale to the plaintiff with regard to safe food handling of the seafood product that are required for discovery to continue forward and experts disclosed.

8. In addition, the Defendants have recently identified a third party vendor that allegedly transported the subject seafood product between the two defendants, and the plaintiff now requires additional time to: 1) consider steps they want to take in regard to adding this third party to the suit, if appropriate, and 2) to obtain records from this third party and/or deposition testimony of its employees/representatives.

Wherefore, the parties jointly request that the Court amend the scheduling Order to reflect the following new dates:

- All discovery, excluding discovery relating to expert witnesses, will remain to be completed (not just propounded) by **December 13, 2023**. (No change in deadline)

- The parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **October 15, 2023**. Depositions of any such experts will be completed by **December 13, 2023**. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **January 15, 2024**. Depositions of such experts will be completed by **March 14, 2024.**

- All other deadlines remain the same.

Respectfully submitted,

PLAINTIFFS,                                DEFENDANT
STEPHEN AND MARY DENINNO                    NORTH COAST SEA-FOODS CORP. d/b/a
By their attorneys:                         NORTH COAST SEAFOODS and BIG Y
                                            FOODS, INC.,
                                            By its attorneys:


/s/ Shelley L. Graves                       /s/ Kevin J. O'Leary
_____                   _____
Shelley L. Graves, ct14094                  Kevin J. O'Leary, ct30271
Faulkner and Graves, P.C.                   Coughlin Betke LLP
1 Montauk Avenue, Suite 301                 175 Federal Street.
New London, CT 06320                        Boston, MA 02110
(860) 442-9900                              (617) 988-8050
slg@faulknerandgraves.com                   koleary@coughlinbetke.com


## CERTIFICATE OF SERVICE

I, Kevin J. O'Leary, certify that on June 9, 2023 a copy of this document was or will immediately be served upon all parties of record via the court's ECF system:

Shelley L. Graves, ct14094
Faulkner and Graves, P.C.
1 Montauk Avenue, Suite 301
Norwalk, CT 06851

                                            /s/ Kevin J. O'Leary
                                            _____
                                            Kevin J. O'Leary