*EXHIBIT A*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

STEPHEN DENINNO AND,                CIVIL ACTION NO.: 3:22-cv-00580-RNC
MARY DENINNO
       PLAINTIFFS

V.

NORTH COAST SEA-FOODS CORP.,
d/b/a NORTH COAST SEAFOODS
AND BIG Y FOODS, INC.
       DEFENDANTS


## DEFENDANT NORTH COAST SEA-FOODS CORP. OBJECTIONS TO PLAINTIFFS' 4/14/2023 REVISED INTERROGATORIES AND PRODUCTION REQUESTS

8.      For the ten years prior to the food poisoning incident through the present, state whether you ever had any positive (including presumptive positive) microbiological or environmental monitoring test results, including but not limited to tests for salmonella, at any processing facility owned or operated by you, by identifying the test date, the name and associated supply chain tracking identifiers/numbers of the product tested, the type of test administered, the facility location, the details of the test results, any actions taken in response to the test results and specify whether the test was performed as a part of the defendant's standard testing practice or if not, state the reason the testing was ordered and identify the person who ordered its performance.

**SUPPLEMENTAL and AMENDED ANSWER**
**Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to discoverable evidence.**

**Without waiving and notwithstanding the same, the Defendant states that no microbiological tests were done on crab legs between 2017 and 2019. It was not standard practice to perform this testing on crab legs at all. Also, during the subject time period, no environmental testing was conducted for the saw room and the large freezer, the locations that the subject crab would have been present in the 5 Drydock Avenue location.**


28.      Describe in detail complaints made or known to the defendant about product quality or illness from consumption concerning any seafood product received by North Coast from the same fisherman, fishery or supplier as the subject crab product on that same date, including the date and nature of the complaint, the dates the product was in your possession and control, description of the product as sold/supplied by you,

including brand name sold/supplied under, any supply chain associated identification numbers, identity of the person who made the complaint and/or purchase, the date and location of purchase, description of the product as sold to the consumer and brand name sold to consumer under, the date of consumption per the complainant, a description of any sickness reported, the findings of any subsequent testing of the product, and if litigation was commenced, the full case caption, docket number, court location and filing date.

**<u>ANSWER</u>**
**Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to discoverable evidence.**

**Without waiving and notwithstanding the same, Defendant states it is unaware of any information regarding complaints made about the subject crab leg product at issue in this case from Arctic Seafoods responsive to this Interrogatory.**


29.     Describe in detail complaints made or known to the defendant about illness from consumption concerning any seafood product received by North Coast from the same fisherman, fishery or supplier for the 5 years prior to the food poisoning incident to the present, including the date and nature of the complaint, the dates the product was in your possession and control, description of the product as sold/supplied by you, including brand name sold/supplied under, any supply chain associated identification numbers, identity of the person who made the complaint and/or purchase, the date and location of purchase, description of the product as sold to the consumer and brand name sold to consumer under, the date of consumption per the complainant, a description of any sickness reported, the findings of any subsequent testing of the product, and if litigation was commenced, the full case caption, docket number, court location and filing date.

**<u>ANSWER</u>**
**Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to discoverable evidence.**

**Without waiving and notwithstanding the same, Defendant states it is unaware of any information regarding complaints made about the subject king crab leg product at issue in this case from Arctic Seafoods.**


30.     Describe in detail complaints made or known to the defendant about illness from consumption concerning any seafood product distributed or otherwise sold or supplied by the defendant North Coast for the 5 years prior to the food poisoning incident to the present, including the date and nature of the complaint, the dates the product was in your possession and control, description of the product as sold/supplied by you, including brand name sold/supplied under, any supply chain associated identification numbers, identity of the person who made the complaint and/or purchase, the date and location of purchase, description of the product as sold to the consumer and brand name sold to consumer under, the date of consumption per the complainant, a

description of any sickness reported, the findings of any subsequent testing of the product, and if litigation was commenced, the full case caption, docket number, court location and filing date.

**ANSWER**
**Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to discoverable evidence.**

**Without waiving and notwithstanding the same, Defendant received no complaints or reports during this time of illness due to food poisoning regarding the subject king crab leg product at issue in this case from Arctic Seafoods.**


## REQUESTS FOR PRODUCTION

51. A copy of all documents or electronically stored information concerning any product withdrawal or recall of your seafood products in the 10 years prior to the subject food poisoning incident through the present.

**RESPONSE:**
**Defendant objects to this Request as overbroad, unduly burdensome, and not likely to lead to admissible evidence.**

**Without waiver and subject to these objections, the defendant states that it has no documents relating to recall of crab products for the three years leading up to the incident.**

52. A copy of all documents or electronically stored information concerning any consumer complaints concerning food poisoning from a North Coast food product during the past 10 years wherein Salmonella was found, suspected or alleged to be the cause.

**RESPONSE:**
**Defendant objects to this Request as overbroad, unduly burdensome, and not likely to lead to admissible evidence.**

**Without waiver and subject to these objections, the defendant states that it has no documents relating to such complaints of crab products for the three years leading up to the incident.**


53. A copy of all documents or electronically stored information concerning any product withdrawals or recalls by North Coast due to the presence of Salmonella, or concerns regarding same, for the past 10 years.

**RESPONSE:**
**Defendant objects to this Request as overbroad, unduly burdensome, and not likely to lead to admissible evidence.**

**Without waiver and subject to these objections, the defendant states that it has no documents relating to such complaints of crab products for the three years leading up to the incident.**