*EXHIBIT B*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **STEPHEN DENINNO AND,** <br> **MARY DENINNO** <br>     **PLAINTIFFS** | **CIVIL ACTION NO.: 3:22-cv-00580-RNC** |
| **V.** | |
| **NORTH COAST SEA-FOODS CORP.,** <br> **d/b/a NORTH COAST SEAFOODS** <br> **AND BIG Y FOODS, INC.** <br>     **DEFENDANTS** | |

### DEFENDANT BIG Y FOODS, INC. OBJECTIONS TO PLAINTIFFS' 4/10/2023 REVISED INTERROGATORIES AND PRODUCTION REQUESTS

16.     With regard to any person who worked at the fresh seafood counter at any time between June 13, 2018 and July 27, 2018 or whose job responsibilities would have caused them to work or otherwise be present in any capacity behind the fresh seafood counter area, identify said person, their job title, the specific dates and times they were working in any capacity at the fresh seafood counter during that time period, and whether they notified the defendant in any manner that they were ill, or failed to report to work via an excused or unexcused absence, during the period June 13, 2018 through August 10, 2018 and provide details of the notification made and/or dates missed from work.

**SUPPLEMENTAL AND AMENDED ANSWER:**
**Defendant objects to this Interrogatory to the extent that it is overly broad and unduly burdensome.**

**Without waiver and subject to these objections, Defendant states that on July 27, 2018, the Seafood Sales Manager was Martin Douglas, the Assistant Seafood Sales Manager was Virginia Ferragatta, and the Seafood Clerks were Mariah Faison and Darlene Lumbra. These were the only employees of Big Y that could have possibly handled, with gloves, the subject crab product.  There were no known instances of contamination or contamination related injuries in this period of time amongst the employees of the Sea Food Department. The Defendant further states that only two seafood employees working in the subject store reported being sick in July of 2018. An employee with the initials MS reported being sick on July 13 and 14th.  The reported reason was "sick self," which means that an employee called in sick.  An employee with the initials SB reported being on sick leave on July 27, 2018. The reported reason was "sick leave – all reasons." The Big Y system does not contain details regarding sickness due to HIPAA concerns.**

20.     Identify the subject store's general manager, assistant store manager, and seafood department managers, assistant managers, supervisors and employees who worked in the fresh seafood department for the subject store from January 1, 2018 through October 1, 2018 by name, last known address, job title at that time, current job title, date of hire and date of termination (if applicable).

**SUPPLEMENTAL AND AMENDED ANSWER:**
**Defendant objects to this interrogatory to the extent that is overly broad and not proportional to the needs of the case.**

**Without waiver and subject to these objections, the Defendant states on July 27, 2018, the Seafood Sales Manager was Martin Douglas, the Assistant Seafood Sales Manager was Virginia Ferragatta, and the Seafood Clerks were Mariah Faison and Darlene Lumbra. The manager was who likely called in the claim to Big Y Risk Management was Brett Smith. Todd Beaudoin likely was the manager in charge at the time that Mr. DeNinno reported the incident.**

28.     Identify in complete and full detail any consumer complaints to Big Y, or that Big Y was otherwise notified of, concerning alleged sickness from the consumption of any seafood product purchased from or supplied to any Big Y by the defendant North Coast Seafoods or the 5 years prior to the food poisoning incident to the present including the date of the complaint, description of the food product which was the subject of the complaint and brand name sold under, any supply chain associated identification numbers, the person who made the complaint and/or purchase, the date and store location of the purchase, the date of consumption per the complainant, a description of sickness reported and if litigation was commenced, the full case caption, docket number, court location and filing date.

**ANSWER:**
**Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to discoverable evidence.**

**Without waiving and notwithstanding the same, Defendant is unaware of any such complaints in the two years preceding this incident relating to any crab or shellfish product at this store sold by North Coast. There was a single complaint of suspected seafood poisoning on September 19, 2016 at the subject store. This claim involved the sale of salmon that was sold by North Coast, upon information and belief.**

29.     Identify in complete and full detail any consumer complaints to Big Y, or that Big Y was otherwise notified of, concerning alleged sickness from the consumption of any seafood product purchased from the fresh seafood department of any Big Y store location for the 5 years prior to the food poisoning incident to the present including the date of the complaint, identity of the manufacturer, brand name and description of the food product which was the subject of the complaint, any supply chain associated identification numbers, the person who made the complaint and/or purchase, the date and store location of the purchase, the date of consumption per the complainant, a description of sickness reported and if litigation was commenced, the full case caption, docket number, court location and filing date.

**ANSWER:**
**Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to discoverable evidence.**

**Without waiving and notwithstanding these objections, the Defendant states that it is not aware of any seafood poisoning complaints at this subject store in the two years preceding this incident, other than the salmon incident of September 19, 2016.**

31.     Identify by date and person any routine or non-routine food safety related regulatory inspections, conducted at the subject store that included in any manner the fresh seafood department or any locations fresh seafood was stored or handled at any time during the 5 years prior to the food poisoning incident through the present.

**ANSWER:**
**Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to discoverable evidence.**

**Without waiving and notwithstanding the same, Defendant is not aware of any regulatory inspections conducted at this store in the two years preceding this accident, other than agencies that occasionally test the weight of products sold.**

## REQUESTS FOR PRODUCTION

26.     A copy of records concerning safe food handling training taken during the three years prior to July 27, 2018 for any Big Y employee who worked in the fresh seafood department of the subject store between June 13, 2018 and July 27, 2018 or that was involved in the storage, use, preparation, cooking, handling, packaging or sale of the subject crab product or the sanitation of any location where the subject crab product was stored.

**SUPPLEMENTAL AND AMENDED RESPONSE**
**Defendant objects to this Request as overbroad, unduly burdensome, and not likely to lead to discoverable evidence.**

**Notwithstanding and subject to these objections, please see Exhibit L.**


58.     A copy of any consumer complaint, statements by a complainant, incident/injury forms, customer complaint forms concerning consumer complaints concerning food poisoning from a food product alleged to have been sold by Big Y during the past 10 years wherein Salmonella was found, suspected or alleged to be the cause.

**RESPONSE**
**Defendant objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence.**

**Without waiver and subject to these objections, the defendant states** that it has no documents by any complainant within 2 years before this incident relating to North Coast seafood and food poisoning from any crab product sold at this store.

59.     A copy of all documents or electronically stored information concerning any product recalls by Big Y due to the presence of Salmonella, or concerns regarding same, for the past 10 years.

**RESPONSE**
**Defendant objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence.**

**Without waiver and subject to these objections, the defendant states that it has no documents by any complainant within 2 years before this incident relating to North Coast seafood and recalls for this Big Y store.**