UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Stephen Deninno, *et al.*, | |
| Plaintiffs, | Civil No. 3:22-cv-00580 (SVN) |
| v. | |
| North Coast Sea-Foods Corp., *et al.*, | August 18, 2025 |
| Defendants. | |

**SETTLEMENT CONFERENCE ORDER**

This case is scheduled for a settlement conference on September 16, 2025, at 9:00 a.m. with the Honorable Thomas O. Farrish, United States Magistrate Judge. The conference will be conducted through the Zoom videoconferencing service. Judge Farrish's chambers will send Zoom connection information to appearing counsel through a Microsoft Outlook calendar invitation. The attorneys are responsible for conveying the information to their principals and ensuring that the principals are able to participate by both audio and video, *e.g.,* that they have working webcams, that they know how to use the Zoom application, *etc.*

In advance of the conference, the Court enters the following orders:

1.   **Pre-conference exchange of settlement proposals**

Parties are encouraged to make every effort to settle their cases on their own, without placing a claim on judicial resources. **To that end, counsel for the plaintiffs and counsel for the defendants are ordered to spend at least one hour in direct negotiations before submitting their settlement conference memoranda. "Direct negotiations" means actually speaking with each other, in person or by telephone; exchanges of letters or e-mails do not suffice.** As discussed in Section 2, counsel will be required to certify in their settlement conference memoranda that they have negotiated for at least an hour, and the conference will be canceled if the memoranda do not contain that certification.

Each settlement proposal made pursuant to this Section shall set forth any material, non-monetary terms of the proposed settlement, such as confidentiality, non-disparagement, and/or the execution of a release extending beyond the claims asserted in the complaint (*i.e.,* a "global" release). If either party contends that the monetary portion of the proposed settlement would be subject to a lien, its proposal shall include a statement of the nature and amount of the lien.

**2.      Settlement conference memoranda**

Counsel for each party must submit to Judge Farrish a confidential, *ex parte* settlement memorandum by 5:00 p.m. on September 9, 2025. The memorandum shall not exceed twelve double-spaced pages and should be submitted via e-mail to: TOF_settlement@ctd.uscourts.gov.

Each party's memorandum shall include:

(a) the essential facts of the case; where material facts are disputed, the memorandum should explain the evidence that the party expects to offer at trial;

(b) the legal elements of the claims and defenses asserted;

(c) the nature and amount of the damages claimed, and a brief summary of the evidence that the party expects to offer at trial on damages issues;

(d) the status of discovery, to include a statement of the discovery that remains to be done and the time required to complete it;

(e) a list of any motions contemplated;

(f) a summary of settlement negotiations to date, including the offer and demand referenced in Section 1 above;

(g) the nature and amount of any lien that will apply (or is alleged to apply) to any settlement;

(h) any material, non-monetary terms that the party will be seeking in a settlement agreement;

(i) a list of all persons who will attend the conference on behalf of that party, including job titles if pertinent to the case;

(j) identification of any unusual issues or problems that may be expected to arise; and

(k) a certification that counsel spent an hour in direct negotiations.

If counsel feels that exhibits are necessary to the Court's understanding of the case, a reasonable number of exhibits may be submitted along with the memorandum. Judge Farrish will have read the operative pleadings by the time of the conference, so those pleadings should not be attached as exhibits. If the exhibits exceed twenty pages, counsel shall send a tabbed, hard copy set of exhibits to Chambers for arrival no fewer than five business days before the conference. Exhibits should be submitted only when necessary and are not a substitute for a well-composed memorandum.

3. **In-person attendance**

**The Court orders the parties to attend the settlement videoconference.** If a party is a legal entity rather than an individual, a representative who is fully authorized to decide all matters pertaining to the case must be present. The Court does not consider the appearing attorney to be a party representative for this purpose. If a party is being indemnified by an insurer, an insurance company representative with full authority to settle the case must be present. The Court will not hold a settlement conference unless all required attendees are present. Failure to comply with these attendance requirements may result in the imposition of sanctions.

4. **Other orders**

Continuances will be granted only for good cause clearly shown. **If a party seeks a continuance, it is respectfully directed NOT to file a motion on the docket but instead to call Judge Farrish's law clerk at 860-240-3605 as soon as possible with opposing counsel on the line to work out a new date.** The scheduling of a settlement conference does not affect existing deadlines and shall not delay discovery unless the Court has issued a separate order to that effect. If the case is resolved after the issuance of this Order, but before the settlement conference, the parties shall promptly report the settlement to Judge Farrish's Chambers.

5. **Summary of deadlines set by this order**

*Ex parte* settlement memoranda due to Judge Farrish by: 5:00 p.m., September 9, 2025

Settlement conference at: 9:00 a.m., September 16, 2025

It is so ordered.

*/s/ Thomas O. Farrish*
Thomas O. Farrish
United States Magistrate Judge